UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| DONALD C. WASHINGTON, | No. C 10-03751 LB |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND BASED ON EXISTING FIRST AMENDED COMPLAINT [ECF No. 6], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF No. 25], AND SETTING DEADLINES IN CONTEMPLATION OF REMAND** |
| v. | |
| AT&T CORP., | |
| Defendant. | |
| _____/ | **[ECF Nos. 6 & 25]** |

## I. INTRODUCTION

Defendant AT&T Corp. removed this case, which generally involves Plaintiff Donald Washington's claims of discrimination, harassment, and retaliation after he took medical leave, from state court. Notice of Removal, ECF No. 1. The ground for removal was that the first amended complaint – while not referencing the Employee Retirement Income Security Act of 1974 (ERISA) explicitly – contained claims alleging that Defendant wrongfully denied Plaintiff's short-term disability under an ERISA plan, and that therefore, ERISA preempted the state claims. *Id.* at 3, ¶ 7. Thereafter, Plaintiff moved to remand the case to state court on the ground that the case did not implicate ERISA. Motion to Remand, ECF No. 6. Plaintiff suggested in his reply brief that if ERISA did allow removal, he could amend the complaint to delete the allegations about the

ORDER (C 10-03751 LB)

disability plan. Reply, ECF No. 13 at 10-12. At the court's direction, Plaintiff moved for leave to file a second amended complaint, asking for leave only if the court denied the motion to remand. ECF No. 25. After full briefing on both motions, the court held a hearing on January 20, 2011.

The court finds that removal was appropriate under ERISA and thus denies Plaintiff's motion to remand and request for attorney's fees. The court grants Plaintiff leave to file the second amended complaint currently lodged as an exhibit at ECF No. 25-1 and directs him to file it separately (thereby ensuring a separate docket number) by Wednesday, January 26, 2011. That complaint adds AT&T California as a new defendant. At the hearing, counsel for AT&T Corp. stated that she would represent AT&T California and would file a written consent to this court's jurisdiction immediately after Plaintiff files the second amended complaint. Assuming filing of the second amended complaint, the court orders AT&T California to file its written consent (or declination) by Friday, January 28, 2011. After filing of that consent, the court will issue the order remanding the case to Alameda County Superior Court on the ground that it lacks subject-matter jurisdiction to hear the case.

## II. FACTS

The relevant facts, taken from plaintiff's first amended complaint (FAC), are as follows.[1]

### A. Background Facts

From June 21, 1999 to July 29, 2009, Plaintiff worked for Defendant as a "Service Technician" installing phone lines. FAC, ECF No. 1 at 17, ¶ 7. Defendant terminated Plaintiff's employment on July 29, 2009. *Id.* Over the ten years, Plaintiff received performance bonuses ranging from $1,500 to $5,000 depending on the overtime he worked and the amount of Defendant's yearly profits. *Id.* at ¶ 8. Plaintiff never received negative performance evaluations and at times received recognition for his "outstanding performance." *Id.* at ¶ 9.

In June 2005, Plaintiff injured his left knee when he stepped off a ladder while installing phone lines at a job site. *Id.* at ¶ 10. He immediately reported the injury to his supervisor, who sent him to

---

[1] The first amended complaint and the proposed second amended complaint are basically identical, except the second amended complaint proposes deleting the allegations discussed below in Section B.

ORDER (C 10-03751 LB)                                2

a doctor. *Id.* Plaintiff's knee swelled, and he was unable to bend it or put weight on it. *Id.* Plaintiff's doctor recommended that he undergo an MRI to evaluate the scope of the knee injury, but Plaintiff's insurance provider denied him authorization for the procedure. *Id.* at ¶ 11. Plaintiff contends that without an MRI, his doctor was unable to effectively determine the extent of the damage to his left knee and as such, could not release Plaintiff to return to work. *Id.* at ¶ 12. Plaintiff's doctor placed him on medical leave from June 2005 to June 2006. *Id.* 17-18, ¶ 12. In June 2006, Defendant sent Plaintiff a letter stating that he needed to return to work or it would terminate his employment. *Id.* at 18, ¶ 13. To prevent termination, Plaintiff returned to work even though his doctor had not released him to work full duty. *Id.*

In April 2008, Defendant assigned Plaintiff to work for a new supervisor named Phil Jones. *Id.* at ¶ 14. On September 3, 2008, Jones and Defendant's District Manager, Josh Goodell, praised Plaintiff for his good work. *Id.* at ¶ 15. On October 21, 2008 while at a job site in Alameda, Plaintiff stepped into a large hole that was covered by grass clippings and further injured his left knee. *Id.* at ¶ 16. Plaintiff immediately reported the incident to Jones, who came to the site and took pictures of the hole. *Id.* As a result of this incident, Plaintiff saw Dr. Steven Isono, an orthopedic surgeon specializing in knee injuries, on October 22, 2008. *Id.* at ¶ 17. Dr. Isono preliminarily diagnosed Plaintiff with a patellar subluzation/dislocation and ordered an MRI of the left knee. *Id.* Once again, Plaintiff's insurance provider denied authorization for the procedure. *Id.* Dr. Isono then placed Plaintiff on temporary total disability. *Id.*

While out on disability, Plaintiff had a stroke in the beginning of January 2009. *Id.* at 18-19, ¶ 18. Plaintiff attributes the stroke to the stress concerning his ability to pay bills including his mortgage, providing for his two children, and "Defendants' multiple refusals to authorize an MRI scan for his left knee." *Id.* On January 23, 2009, Plaintiff's insurance provider authorized an MRI on his left knee. *Id.* at 19, ¶ 19. Due to the persistence of Plaintiff's symptoms, Dr. Virgil Williams, the attending physician, recommended that he undergo surgery. *Id.* Plaintiff elected to undergo the least invasive surgery available on April 27, 2009. *Id.* at ¶¶ 21-22. Plaintiff began a physical therapy regimen on June 12, 2009 that lasted 12 visits before his insurance provider denied authorization for further visits. *Id.* at ¶ 21. Plaintiff continuously apprised Jones, his supervisor, of

ORDER (C 10-03751 LB)         3

his progress. *Id.*

Approximately one month after surgery, Plaintiff received a call from a union officer who informed him that Defendant was going to terminate his employment for failure to inform it of his medical status. *Id.* at ¶ 22. On July 27, 2009, Plaintiff received a letter from Defendant stating that it was terminating him because "his doctor continued to keep Plaintiff on disability for his knee." *Id.* at ¶ 23. On July 29, 2009, Defendant fired Plaintiff. *Id.* at 20, ¶ 24.

In October 2009, Plaintiff's insurance provider authorized further physical therapy. *Id.* at ¶ 25. However, Plaintiff's knee continued to cause pain and swelling. *Id.* At that time, Plaintiff's right knee developed pain and swelling as a result of his overcompensation for his left knee. *Id.* Dr. Isono recommended that Plaintiff use a cane as well as other medications in tandem with heat and ice. *Id.* at ¶ 26.

On November 24, 2009, Dr. Isono suggested another MRI of Plaintiff's left knee to examine whether the surgery was successful. *Id.* at ¶ 27. Again, Plaintiff's insurance provider denied authorization for the MRI. *Id.* On January 7, 2010, Dr. Isono concluded that given Plaintiff's clinical history and persistent pain and stiffness in his left knee, an MRI was medically necessary to determine the appropriate course of further treatment. *Id.* at ¶ 28. The following day, Dr. Isono completed a Comprehensive Medical Legal Evaluation. *Id.* at 21, ¶ 29.

Plaintiff filed charges with the California Equal Employment Opportunity Commission against Defendant alleging discrimination, retaliation, and harassment. *Id.* at 22-23, ¶ 44. The California EEOC forwarded the charges to the California Department of Fair Employment and Housing, which subsequently issued a right-to-sue letter to Plaintiff on October 20, 2009. *Id.*

### B. Allegations about Disability Plan

In his first amended complaint, Plaintiff asserted seven claims based on violations of California Government Code Section 12940: (1) discrimination based on race; (2) harassment based on disability; (3) disability discrimination; (4) harassment based on race; (5) retaliation; (6) failure to prevent harassment, discrimination, or retaliation; and (7) failure to enter into the interactive process. First Amended Complaint, ECF No. 1 at 15-42. Plaintiff also asserted a claim for wrongful termination in violation of public policy. *Id.* At paragraphs 67, 80, 105, 118, and 132 (which

correspond to claims 2, 3, 5, 6, and 7), Plaintiff alleged the following:

> Defendants further [harassed]/[discriminated against]/[retaliated against] Plaintiff for taking medical leave when on January 12, 2009 they denied his short term disability claiming his medical condition did not meet the criteria, despite the fact that Defendants refused to authorize a MRI which would have clarified and determined the extent of Plaintiff's injury.

FAC, ECF No. 1 at 26-27, ¶ 67, 29, ¶ 80, 34, ¶ 105, 36, ¶ 118, 39, ¶ 132.

**C. Proposed Second Amended Complaint and Other Relevant Procedural Facts**

Plaintiff's second amended complaint is largely identical to his first amended complaint except that he deleted the five paragraphs at issue and added AT&T California as a defendant. SAC, ECF No. 25-1 at 1-27.

According to Defendant, it offered to stipulate to the amendment and remand provided that Plaintiff agreed to (1) provide a written letter stating that Plaintiff would not pursue any ERISA-related claims in state court and (2) forego his request for attorney's fees related to the removal. Opposition to Motion to File SAC, ECF No. 27 at 2 n.1.

### III.  LEGAL STANDARDS

**A. Removal Jurisdiction And ERISA Preemption**[2]

A state law claim may be subject to "complete preemption" or "conflict preemption" under ERISA.

If a state law claim is subject to complete preemption under the civil enforcement provisions of ERISA section 502(a), it may be removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441 (defendant may remove case brought in state court if federal district courts have original jurisdiction); 28 U.S.C. § 1331 (original jurisdiction over claims arising under the Constitution, treaties, or laws of the United States); *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944-46

---

[2] In cases removed from state court, ordinarily federal jurisdiction must appear on the face of the well-pleaded complaint at the time of removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Complete preemption under ERISA is an exception to that rule in that federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded. *See Metropolitan Life Ins. Co. v. Taylor* 481 U.S. 58, 63-64 (1987); *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003). For the reasons set forth in this order, the court finds that the state law claims at issue are preempted. Thus, plaintiff's invocation of the well-pleaded complaint rule fails. *See* Motion to Remand, ECF No. 6 at 3-4.

ORDER (C 10-03751 LB)                              5

(9th Cir. 2009).

If, however, a state claim is subject only to conflict preemption, ERISA provides merely a federal defense. 29 U.S.C. § 1144(a) (relevant provisions of ERISA shall supersede state laws insofar as they relate to any ERISA employee benefit plan not exempt); *Marin General Hosp.*, 581 F.3d at 949. What this means is that with conflict preemption, a state claim is not converted into an action "arising under federal law," and removal is improper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987); *see also Marin General Hosp.*, 581 F.3d at 945.

As the removing party, AT&T has the burden of proving that jurisdiction is proper. That requires AT&T to demonstrate by a preponderance of the evidence that Plaintiff's state law claims are subject to complete preemption under ERISA. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Nishimoto v. Federman-Bachrach & Assoc.*, 980 F.2d 709, 712 n.3 (9th Cir. 1990). To do this, AT&T must prove that plaintiff's state law claim is encompassed in ERISA's civil enforcement scheme set forth in section 502(a) of ERISA by showing the following: (1) the plaintiff at some point in time could have brought his claim under ERISA section 502(a)(1)(B); and (2) there is no other independent legal duty implicated by a defendant's actions. *See Marin General Hosp.*, 581 F.3d at 946 (quoting test in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

**B. Rule 15(a)(2)**

"A party may amend its pleading once as a matter of course [] before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). After a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone

of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.*

## IV. DISCUSSION

Because Plaintiff offers amending the complaint to remove allegations implicating ERISA only if the court determines that complete ERISA preemption exists, the court first addresses whether removal was appropriate. The court holds that it was and denies Plaintiff's motion for remand. The court then addresses (and grants) Plaintiff's motion for leave to amend. Finally, the court addresses the procedural issues about filing and consent that must take place before remand.

### A. Removal Was Proper Because ERISA Preemption Is Complete

#### 1. Prong One: ERISA Section 502(a)

The first requirement for complete preemption is whether plaintiff's claim could have been brought under section 502(a) of ERISA. Section 502(a)(1)(B) authorizes a plan participant or beneficiary to bring suit to (a) recover benefits promised to him under the plan that are not provided, (2) enforce his rights under the plan, or (3) clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B); *Davila*, 542 U.S. at 210.

The issue here is whether the following allegation in five different claims of discrimination, harassment, or retaliation requires a determination of benefits or rights under the ERISA disability plan at issue here.

> Defendants further [harassed]/[discriminated against]/[retaliated against] Plaintiff for taking medical leave when on January 12, 2009 they denied his short term disability claiming his medical condition did not meet the criteria, despite the fact that Defendants refused to authorize a MRI which would have clarified and determined the extent of Plaintiff's injury.

FAC, ECF No. 1 at 26-27, ¶ 67, 29, ¶ 80, 34, ¶ 105, 36, ¶ 118, 39, ¶ 132.

The court concludes that Plaintiff's claims incorporating this allegation satisfy the first prong of the *Davila* test. Plaintiff is a participant of a qualified ERISA benefit plan (the short-term disability plan). 29 U.S.C. §§ 1002(1)-(3), 1003(a); Nancy Watts Declaration, ECF No. 11-1 at 2-3, ¶¶ 3, 4, and 11. The plan provides participants short-term disability benefits while they are medically certified as disabled according to the terms of the plan. Watts Declaration, ECF No. 11-1 at 2, ¶ 6.

1 Plaintiff alleges that he was entitled to those short-term disability payments under the plan and that
2 Defendant wrongfully denied him those benefits.  FAC, ECF No. 1.  The fact that Defendant denied
3 Plaintiff's short-term disability to harass, discriminate, and retaliate against him may explain why
4 Defendant denied him the benefits, but it does not change the nature of the claims themselves.  They
5 remain an effort by Plaintiff to "recover benefits due to him under the terms of his plan."  29 U.S.C.
6 § 1132(a)(1)(B).  Also, the dispute necessarily involves determining Plaintiff's rights under the plan.
7 *Id.*

8 Plaintiff contends that he is claiming violations only of California anti-discrimination laws,
9 which do not involve a federal question, and that the claims are too tenuously related to ERISA to
10 engender the court's jurisdiction.  Motion to Remand, ECF No. 6 at 7-8.  The test is not whether
11 Plaintiff intended to only pursue state law claims or whether he mentions ERISA in his complaint
12 but rather, whether he could have originally brought his claim under ERISA Section 502(a)(1)(B),
13 even if he never mentions ERISA at all.  *See Davila*, 542 U.S. at 210; *Bui v. American Tel. & Tel.*
14 *Co., Inc.*, 310 F.3d 1143, 1147 (9th Cir. 2002) (courts must "look to the behavior underlying the
15 allegations in the complaint to determine whether ERISA preempts a plaintiff's claims.  If a claim
16 alleges a denial of benefits, ERISA preempts it.").  The analysis does not change even if Plaintiff
17 does not seek plan benefits but only "damages" from Defendant's denial of benefits to him under the
18 plan.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987); *see also Davila*, 542 U.S. at 214-
19 16 (Congress' intent to make ERISA civil enforcement mechanism exclusive would be undermined
20 if state cause of action that supplemented ERISA remedies was permitted, even if the state cause of
21 action did not precisely duplicate the elements of an ERISA claim).

22 Here, Plaintiff's first amended complaint alleges wrongful denial of benefits under an ERISA
23 short-term disability plan.  Because he could have raised his claims under ERISA, this satisfies
24 prong one.  *See Davila*, 542 U.S. at 210.

25 2.  **Prong Two: Independent Legal Duty**

26 AT&T also must show that there is no other independent duty implicated by its actions.  *See*
27 *Marin Gen. Hosp.*, 581 F.3d at 946.  That means the inquiry here is whether Plaintiff's claim of
28 wrongful denial of ERISA short-term disability benefits "relies on a legal duty that arises

ORDER (C 10-03751 LB)                                                8

independently of ERISA" that would exist whether or not an ERISA plan existed. *Id.* at 950 (holding that claims were not preempted because they sought to enforce the terms of an independent oral contract, not the violation of the terms of an ERISA plan).

Plaintiff couches the wrongful denial of benefits as discrimination, harassment, and retaliation. Denial of benefits and Plaintiff's rights to benefits under the plan's terms still implicate AT&T's obligations under the plan. Those obligations would not exist if the plan did not exist. This satisfies prong two. *See Davila*, 542 U.S. at 214 (holding that the plaintiffs' claims were preempted because they sought "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans"). Plaintiff's motion to remand is denied.

### 3. Attorney's Fees

Because the court upholds removal and denies remand based only on the first amended complaint, the court denies Plaintiff's motion for attorney's fees. *See* 28 U.S.C. § 1447(c) (authorizes attorney's fees upon remand of a case to state court); *cf. Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005) (court should not award attorney's fees where a defendant has "objectively reasonable" grounds for removing the case).

## B. Leave to File Second Amended Complaint

Plaintiff's proposed second amended complaint mirrors the first amended complaint except that it adds AT&T California and deletes the five paragraphs challenging AT&T's alleged wrongful denial of his short-term disability benefits. *Compare* FAC, ECF No. 1 at 15-76, *with* SAC, ECF No. 25-1, 1-27.

AT&T filed a short opposition on the ground that Plaintiff might pursue ERISA-preempted claims on remand. Opposition to SAC, ECF No. 27 at 1. AT&T agreed, however, to stipulate to remand if Plaintiff waived attorney's fees and promised not to pursue ERISA claims in state court. *Id.* at 2 n.1. At argument, given the court's ruling upholding removal and denying attorney's fees, AT&T apparently no longer opposed amendment.

In any event, the factors support granting leave to amend. Nothing suggests bad faith, there has been no undue delay, and AT&T articulated no real prejudice from a second amended complaint. *See Nunes*, 375 F.3d at 808. The court grants Plaintiff's motion for leave to file the second amended

ORDER (C 10-03751 LB)                              9

1 complaint currently filed in the record as an exhibit. *See* ECF No. 25-1. Plaintiff shall file the
2 complaint no later than Wednesday, January 26, 2011.

### C. Consent by AT&T California for Second-Amended Complaint

Plaintiff's second amended complaint adds a new defendant, AT&T California. At the hearing, counsel for AT&T said that she had agreed to represent AT&T California too and would file a written consent to this court's jurisdiction after Plaintiff files the second amended complaint.

### D. Remand Contemplated

After AT&T consents, the parties agreed at oral argument that remand to state court for lack of federal subject-matter jurisdiction is appropriate because the complaint involves only state claims of discrimination, harassment, and retaliation. The court agrees that it lacks subject-matter jurisdiction and remand is appropriate and fair. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988). The complaint now has only state claims, and there are no claims involving denial of benefits under the short-term disability plan. The case is only at the pleadings stage, and no discovery has been conducted. These factors all support remand. *See Nishimoto*, 903 F.2d at 715.

The court will issue the order remanding the case after AT&T California files its consent.

## V.  CONCLUSION

The court denies Plaintiff's motion to remand and request for attorney's fees and grants Plaintiff's motion for leave to file a second amended complaint.

Plaintiff shall file the second amended complaint (currently filed only as an exhibit at ECF No. 25-1) by Wednesday, January 26, 2011. Defendant AT&T California shall file its consent (or declination) by Friday, January 28, 2011. Assuming consent, the court then will remand the case to the Alameda County Superior Court.

This terminates ECF Nos. 6 and 25.

**IT IS SO ORDERED.**

Dated: January 23, 2011

_____
LAUREL BEELER
United States Magistrate Judge